LIBERTY INSURANCE UNDERWRITERS, INC., Appellant, v PERKINS EASTMAN ARCHITECTS, P.C., Respondent/Third-Party Plaintiff-Appellant. ACE AMERICAN INSURANCE COMPANY, Third-Party Defendant-Respondent. [958 NYS2d 90]—

In compliance with the "claims made" policy issued to it by plaintiff, defendant timely advised plaintiff of a "Circumstance that may reasonably be expected to give rise to a Claim against [it]" and of the particulars of the potential claim. "Circumstance" is defined as "an event reported during the Policy Year from which you reasonably expect a Claim may be made." In correspondence with plaintiff from 2004 to 2005, defendant identified specific problem areas, as well as delays and coordination issues, in the course of the subject nursing home construction project. It identified the owner, contractor, and contractor's surety as potential claimants for millions of dollars. It noted that the owner was litigious, that the contractor was looking to deflect blame, and that negotiations with the surety over honoring its performance bond were proceeding slowly. Nowhere in

any of the notices and letters to plaintiff did defendant limit the potential claim to design errors.

As to third-party defendant ACE's "claims made and reported" policies, coverage for the federal action is barred by the exclusion for claims arising from circumstances required to be, but not, disclosed in defendant's applications for insurance. Moreover, the federal action was a claim first made on November 3, 2005, during the second ACE policy period (Feb. 16, 2005 to Feb. 16, 2006), but not reported to ACE before the end of that policy period. Although plaintiff disclaimed coverage on February 20, 2006, ACE did not receive notice of the federal action until March 31, 2006.

The "New York Amendatory" endorsement to the second ACE policy giving defendant an additional 60 days after February 16, 2006 to give notice of the claim does not avail defendant since, by its terms, it applies only if the policy terminates or is not renewed, neither of which occurred here. Nor did defendant establish detrimental reliance on any communications from ACE so as to estop ACE from denying coverage.

We modify solely to declare in ACE's favor (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.